UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN BRENNER, et al.,<br><br>                Plaintiff(s),<br>  v.<br><br>POLARIS INC,<br><br>                Defendant(s). | CASE NO. C25-1466-KKE<br><br>ORDER DENYING STIPULATED<br>MOTION TO AMEND CASE CAPTION |

Now before the Court is the parties' stipulated motion to amend the case caption. Dkt. No. 26. The parties stipulate that "Polaris Industries Inc." "is the proper party defendant" in this case, not "Polaris Inc." *Id.* at 1. Accordingly, the parties request that "Polaris Industries Inc. shall be substituted for Polaris Inc. as the Defendant in this action," and that "[t]he case shall continue to proceed with Polaris Industries Inc." *Id.* The parties further agree that Plaintiffs need not attempt to serve Polaris Industries Inc. for the purposes of this lawsuit. *Id.*

Courts have observed that "there is a difference between correcting a misnomer and changing a party[.]" *Paatalo v. First Am. Title Co. of Montana, Inc.*, CV-13-128-BLG-SEH-CS, 2014 WL 858999, at *2 (D. Mont. Mar. 5, 2014). While "courts routinely grant motions or stipulations to amend case captions … when a party has merely been misnamed," a request to substitute one corporate entity for another could implicate the Court's subject matter jurisdiction. *Hoemke v. Macy's W. Stores LLC*, CV-20-01317-PHX-DWL, 2020 WL 5229194, at *2 (D. Ariz.

Sep. 2, 2020) (denying motion to amend case caption where it appeared as though substitute defendant was a different corporate entity).

Though styled as a "motion … to amend caption" (Dkt. No. 26 at 1), part of the relief requested by the parties is for the currently named Defendant, "Polaris Inc.," to "be substituted" with "Polaris Industries Inc." *Id.* The parties' stipulation regarding waiver of service on Polaris Industries Inc. further suggests that the instant motion could be characterized as a motion to substitute a party, rather than one to amend the case caption. Because it is unclear to the Court whether the parties wish to amend the case caption to correct a misnomer—or drop "Polaris Inc." and add "Polaris Industries Inc."—the Court denies the parties' stipulated motion, subject to refiling. Dkt. No. 26. If the parties wish to refile a motion to substitute (rather than to change the caption to correct a misnomer), Defendant shall separately file an amended notice of removal which affirmatively alleges Polaris Industries Inc.'s citizenship for diversity jurisdiction purposes, as well as an amended corporate disclosure statement. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (holding that "[c]ourts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings."). To the extent the parties merely seek to correct a misnomer in the original caption, they may refile their motion with such intent clearly stated.

In sum, the parties' motion to amend the case caption is DENIED. The parties may refile their motion in accordance with this Order by January 6, 2026.

Dated this 29th day of December, 2025.

Kymberly K. Evanson
United States District Judge

ORDER DENYING STIPULATED MOTION TO AMEND CASE CAPTION - 2