UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN BRENNER, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> POLARIS INC, <br><br> Defendant(s). | CASE NO. C25-1466-KKE <br><br> ORDER DENYING MOTION TO TRANSFER FOR IMPROPER VENUE |

Though venue is typically governed by the federal venue statute, 28 U.S.C. § 1391, in removal actions, venue is proper in the district court embracing the state court in which the case was originally filed. After filing a notice of removal, Defendant Polaris Inc. ("Polaris") moved to transfer this action to the District of Oregon, Eugene Division, asserting that venue in this district is improper under the venue statute. Because this case was removed from King County Superior Court, venue is proper in this district. Thus, as detailed below, the Court denies Polaris' motion to transfer this case for improper venue.

## I.   BACKGROUND

This is a product liability action involving an off-road vehicle manufactured by Polaris. On June 29, 2024, Plaintiffs John and Cati Brenner were driving a side-by-side off-road vehicle, the 2022 Polaris RZR PRO R 4 Ultimate ("Polaris ORV"), through the sand dunes in Coos Bay, Oregon. Dkt. No. 1-1 ¶ 2.19. After temporarily going airborne, the Polaris ORV landed at a high

enough impact to result in John Brenner sustaining a spinal fracture that rendered him paralyzed. *Id.* Cati Brenner also sustained spinal injuries including herniated discs at L5-S1, L3-L4, and L4-L5. *Id.*

On July 22, 2025, the Brenners filed suit in King County Superior Court, alleging that the ORV was defective under Wash. Rev. Code § 7.72.030. Dkt. No. 2-1 ¶ 3.2, Dkt. No. 2-2. On August 4, 2025, Polaris filed a notice of removal from King County Superior Court to the Western District of Washington, asserting diversity jurisdiction under 28 U.S.C. § 1332. Dkt. No. 1 at 2–3. In its notice of removal, Defendant asserted that "[v]enue and intradistrict venue are proper in this Court pursuant to 28 U.S.C. § 1441(a) because the King County Action is pending in King County Superior Court," but did "not concede that venue is proper for any other reason or under any other statute and reserves the right to seek transfer." Dkt. No. 1 at 2. On August 25, 2025, Defendant filed a motion to transfer this action to the District of Oregon, Eugene Division pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a). Dkt. No. 16 at 4.

## II.    DISCUSSION

### A.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss an action for improper venue. Fed. R. Civ. P. 12(b)(3). When a case is filed in the "wrong" venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). The "question—whether venue is 'wrong' or 'improper'—is generally governed by 28 U.S.C. § 1391." *Id.* However, when an action is removed from state to federal court, the removal

statute, 28 U.S.C. § 1441, controls.[1] *Polizzi v. Cowles Mags., Inc.*, 345 U.S. 663, 665–66 (1953) (holding venue of removed actions is governed by the removal statute, 28 U.S.C. § 1441(a)); *see* 28 U.S.C. § 1390(c) ("This Chapter shall not determine the district court to which a civil action pending in a State court may be removed."). "[T]he proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Polizzi*, 345 U.S. at 666 (quoting 28 U.S.C. § 1441(a)).

B.    Rule 12(b)(3) Challenge to Venue

    1.    <u>Venue in this district is proper under 28 U.S.C. § 1441.</u>

Polaris moves to transfer this action to the District of Oregon, Eugene Division, citing Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406. Dkt. No. 16 at 4. The crux of Polaris' motion is that venue is improper under § 1391(b)(1) because it is not a resident of this district. Under the venue statute, an entity such as Polaris is "deemed to reside … in any judicial district in which [it] is subject to the court's personal jurisdiction[.]" 28 U.S.C. § 1391(c). Polaris argues that because the Court lacks both general and specific jurisdiction over Polaris, venue is improper, and the case should be transferred. Dkt. No. 16 at 5–8. Polaris does not separately challenge personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). *See* Dkt. No. 16. Instead, its challenges to personal jurisdiction are raised in the context of its Rule 12(b)(3) challenge to venue. *See id.*

The Brenners counter that the Court has personal jurisdiction over Polaris due to its systemic contacts with this district and because the accident arose out of its contacts with Washington state. Dkt. No. 19 at 7–17. The Brenners also argue that venue is proper under §

---

[1] Under the removal statute, "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

ORDER DENYING MOTION TO TRANSFER FOR IMPROPER VENUE - 3

1392(b)(2) because the "property" at issue—the Polaris ORV—is located in this district. Dkt. No. 19 at 5–6 (citing *Power Paragon Inc. v. Precision Tech. USA, Inc.*, 605 F. Supp. 2d 722 (E.D. Va. 2008)).

While the Brenners do not raise the argument, the Court finds that venue is proper here because the removal statute, not the venue statute, controls. *See* 28 U.S.C. § 1441; *Polizzi*, 345 U.S. at 666. This case was filed in King County Superior Court, which the Western District of Washington, Seattle Division embraces. Thus, venue is proper under § 1441.[2] *See Polizzi*, 345 U.S. at 666.

In sum, venue is proper in this district, and the Court will not transfer the case at this time.

2. <u>The Court does not construe Polaris' Rule 12(b)(3) motion to transfer as a Rule 12(b)(2) motion to dismiss.</u>

Polaris moved only to transfer this case to the District of Oregon under Rule 12(b)(3). Nowhere in its motion (Dkt. No. 16), proposed order (Dkt. No. 16-1), or reply (Dkt. No. 24) does it move for *dismissal* (as opposed to transfer) of the case either under Rule 12(b)(3) or any other Rule 12 defense. Though its motion to transfer makes arguments about personal jurisdiction by virtue of the venue statute's residence prong for entities, Polaris does not move to dismiss the case by explicitly challenging personal jurisdiction under Rule 12(b)(2). Polaris could have filed a motion to dismiss under Rule 12(b)(2) based on precisely the same arguments in its motion to transfer under Rule 12(b)(3), but for whatever reason, it chose not to do so. *Cf. Sportsfragrance, Inc. v. Perfumer's Workshop Int'l, Ltd.*, C09-177Z, 2009 WL 1393864 (W.D. Wash. May 15,

---

[2] Where, as here, the "district court is the appropriate forum for venue purposes under Section 1441, then a subsequent transfer to another federal district court must be based upon Section 1404(a), rather than on Section 1406(a)." 14C Charles Alan Wright, et al., Fed. Prac. & Proc. Juris. § 3732 (Rev. 4th ed.). Polaris' motion to transfer was brought under § 1406—which pertains to cases where venue is "wrong"—not § 1404—which permits transfer "[f]or the convenience of parties and witnesses" and "in the interest of justice." *See* 28 U.S.C. §§ 1404(a), 1406. Polaris neither moved under, nor addressed the requirements of § 1404. Thus, the Court will not consider transferring this case for convenience.

ORDER DENYING MOTION TO TRANSFER FOR IMPROPER VENUE - 4

2009) (Defendant moving to dismiss under both Rule 12(b)(2) and Rule 12(b)(3)). In fact, in a header in its reply, Polaris specifies that the personal jurisdiction standard it provides is "for venue purposes[.]" Dkt. No. 24 at 2. Accordingly, the Court will not construe Polaris' motion as a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.

### III. CONCLUSION

For the above reasons, the Court DENIES Defendant Polaris' Rule 12(b)(3) motion to transfer this case to the District of Oregon. Dkt. No. 16.

Dated this 8th day of January, 2026.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge