UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN BRENNER, et al., <br><br> Plaintiff(s), <br> v. <br><br> POLARIS INC, <br><br> Defendant(s). | CASE NO. C25-1466-KKE <br><br> ORDER GRANTING MOTION TO AMEND COMPLAINT |

The Court previously denied the parties' stipulated motion to amend the case caption (Dkt. No. 26), because it was unclear whether the parties sought to correct a misnamed defendant, or if they sought to substitute as the named defendant one corporate entity for another. Dkt. No. 27. The Court ordered the parties to clarify their intent by January 6, 2026, because substitution (as opposed to simple re-naming) could impact its subject matter jurisdiction. *Id.* On January 9, 2026, Plaintiffs filed an unopposed motion for leave to file their first amended complaint which substitutes "Polaris Industries Inc." as the named defendant in the case. Dkt. No. 30; Dkt. No. 31-1.

A party may freely amend their complaint once as a matter of right within 21 days after a complaint is served or 21 days after service of an answer or Rule 12 motion, whichever is earlier. Fed. R. Civ. P. 15(a)(1). A party may otherwise only amend their complaint with consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave

ORDER GRANTING MOTION TO AMEND COMPLAINT - 1

when justice so requires." *Id.*; *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) ("A district court shall grant leave to amend freely when justice so requires," and "this policy is to be applied with extreme liberality.") (citation modified). "Courts may decline to grant leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc." *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citation modified).

Here, Defendant does not oppose Plaintiffs' motion (Dkt. No. 31 ¶ 3) and there is no evidence of any of the factors which would counsel against granting leave to amend. Accordingly, the Court will grant Plaintiffs' motion to amend the complaint to substitute "Polaris Inc." with "Polaris Industries Inc." as the named Defendant.

In their previous motion, which was denied by the Court on other grounds, the parties agreed that "Plaintiffs need not attempt to effectuate service on Polaris Industries Inc." *See* Dkt. No. 26 at 3. In their present motion, Plaintiffs do not explicitly state whether Defendant continues to agree to waive service on Polaris Industries Inc. However, in light of the parties' previous stipulation, and because the present motion sets forth a proposed briefing schedule on the amended complaint to which Defendant is not opposed, the Court considers Polaris Industries Inc. to be on notice of this lawsuit, and will not issue an order directing service at this time.

Accordingly, the Court ORDERS as follows:

(1) It is hereby ORDERED that Plaintiffs are granted leave to file their amended complaint.

(2) It is also ORDERED that Defendant shall have 21 days after the filing of Plaintiffs' amended complaint to file an amended responsive pleading. No later than 21 days

after Plaintiffs file their amended complaint, Defendant shall file an amended notice of removal and corporate disclosure statement with respect to Polaris Industries Inc. for the purpose of affirmatively alleging its diversity jurisdiction citizenship. *See* Dkt. No. 27 at 2.

Dated this 14th day of January, 2026.

*Kymberly K. Evanson*
_____
Kymberly K. Evanson
United States District Judge