The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN BRENNER and CATI BRENNER, husband and wife,

Plaintiffs,

v.

POLARIS INDUSTRIES, INC.,

Defendant.

CASE NO. 2:25-cv-01466-KKE

**STIPULATED PROTECTIVE ORDER**

NOTE ON MOTION CALENDAR:
APRIL 29, 2026

1.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

STIPULATED PROTECTIVE ORDER
CASE NUMBER  - 1

2.    "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

a.    Any material containing, disclosing, or otherwise implicating personal identifying information or healthcare information;

b.    Personal financial information related to Plaintiffs John and Cati Brenner, including tax, accounting, and personal banking records and information;

c.    Defendant's non-public human resource records, financial records, financial forecasts, accounting records, business plans, marketing plans, personnel records, proprietary data, internal policies/guidelines/procedures, or intellectual property or trade secret information;

d.    Defendant's non-public research and development files, designs, drawings, engineering files, hardware and software configuration information, or computer code or descriptions of computer code;

e.    Defendant's non-public communications with customers, vendors, dealers, and other third-parties;

f.    Information over which the designating party is obligated to maintain confidentiality by contract or otherwise

3.    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" MATERIAL

"Highly Confidential – Attorneys' Eyes Only" material shall include documents and tangible things that are extremely sensitive Confidential materials that the designating party reasonably believes contains highly sensitive business or personal information, the disclosure of which to another party or non-party would create a substantial risk of injury or harm, including significant competitive or commercial disadvantage to the designating party that could not be avoided by less restrictive means. Highly Confidential – Attorneys' Eyes Only information may include, but is not limited to, trade secrets, research and

development files, computer code, and other information over which the designating party has a duty or obligation to maintain confidentiality, including but not limited to by operation of contract or federal, state, or foreign data protection laws.

4.    SCOPE

The protections conferred by this agreement cover not only Confidential material (as defined above), but also (1) any information copied or extracted from Confidential material; (2) all copies, excerpts, summaries, or compilations of Confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

5.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

5.1    Basic Principles. A receiving party may use Confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

5.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any material designated "Confidential" only to:

(a)    the receiving party's outside counsel in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c)    experts and consultants of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:25-CV-01466-KKE  - 3

Agreement to Be Bound" (Exhibit A);

(d)  the court, court personnel, and court reporters and their staff;

(e)  copy or imaging services retained by counsel to assist in the duplication of Confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential material to third parties and to immediately return all originals and copies of any Confidential material;

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

5.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any material designated "Highly Confidential – Attorneys' Eyes Only" only to:

(a)  the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)  experts of the receiving party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A), provided (a) such expert or consultant is not a current officer, director, or employee of a competitor of Defendant, nor anticipated at the time of retention to become an officer, director, or employee of a competitor of Defendant; (b) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465,

1468 N.3 (Fed. Cir. 1984), on behalf of a competitor to Defendant; (c) such expert or consultant accesses the materials in the United States only and does not transport them to or access them from any foreign jurisdiction;

(c)     the court, court personnel, and court reporters and their staff;

(d)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(e)     the receiving party's outside counsel in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation.

5.4     Collateral litigants seeking access to discovery materials subject to this protective order must move to modify the protective order and demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein, in alignment with the Ninth Circuit's favoring of access to discovery materials to meet the needs of parties engaged in collateral litigation.

5.5     Filing Confidential Material. Before filing Confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue. The party intending to file or use confidential information or documents will file a redacted version of the motion which does not include or reference the confidential information or documents and will serve upon all other parties (and provide to the Judge's chambers) an unredacted version of the motion so as to allow the designating party an opportunity to justify why such confidential information should be sealed pursuant to Local Civil Rule 5(g). The party wishing to seal the confidential information shall move within fourteen (14) days of service of the Notice or motion. If no such motion is timely made, the moving party shall then proceed to file without sealing the

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:25-CV-01466-KKE  - 5

unredacted motion containing the confidential information or documents. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B). Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.6     Use of Materials With Generative AI.  To the extent any Party uses any Generative AI tool into which any Confidential material, or any information contained therein, is entered or uploaded by any means (whether direct input or document upload, in whole or in part), it is expected under the Protective Order that such Confidential material shall (i) be viewable only by persons authorized to receive the Confidential material, (ii) not be accessible to any person who is not authorized to receive the Confidential material, (iii) be available exclusively for a use that is expressly permitted by the Protective Order, (iv) be protected by secure data encryption, (v) not be hosted on public cloud servers, and (vi) not be used to train or improve any public models or tools, including but not limited to any public Generative AI models.  Confidential material should only be entered into tools maintained or contained on premises or within a private cloud environment to maintain greater control over data security and privacy, and under no circumstances may Confidential material be uploaded to a tool or product that is accessible to the public at large.

6.     DESIGNATING PROTECTED MATERIAL

6.1     Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are

shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2    Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 6.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page of each document that contains Confidential material.

(b)    Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)    Other tangible items: the producing party must affix in a prominent place, on the exterior of the container or containers in which the information or item is stored, either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:25-CV-01466-KKE  - 7

6.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1    Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2    Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:25-CV-01466-KKE  - 8

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential material may be affected.

9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.     NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:25-CV-01466-KKE  - 9

documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:25-CV-01466-KKE  - 10

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 29th day of April, 2026.

SCHROETER GOLDMARK & BENDER

*/s/Thomas J. Breen*
Thomas J. Breen, WSBA #34574
Carson Phillips-Spotts, WSBA #51207
Hong (Chen-Chen) Jiang, WSBA 51914
401 Union Street, Suite 3400
Seattle, WA  98101
Telephone: (206) 622-8000
breen@sgb-law.com
spotts@sgb-law.com
jiang@sgb-law.com

SNELL & WILMER L.L.P.

*/s/Clifford S. Davidson (e-signature affixed*
*per email authorization)*
Clifford S. Davidson, WSBA #48313
Lea K. Schneider, WSBA #56471
600 University Street, Suite 310
Seattle, Washington 98101
Tel: (206) 741-1420
csdavidson@swlaw.com
lschneider@swlaw.com

STEPHENSON RIFE LLP

*/s/Sean R. Roth (e-signature affixed per*
*email authorization)*
M. Michael Stephenson
Sean R. Roth
Stephenson Rife LLP
2150 Intelliplex Drive, Suite 200
Shelbyville, IN 46176
Phone: (317) 680-2011
mikestephenson@srtrial.com
seanroth@srtrial.com

*Counsel for Plaintiffs*

MORRISON & FOERSTER LLP

*/s/Hyongsoon Kim (e-signature affixed per*
*email authorization)*
Hyongsoon Kim
707 Wilshire Blvd. Suite 6000
Los Angeles, CA 90017
Tel: (213) 892-5200
hyongsoonkim@mofo.com

*Counsel for Defendant Polaris Industries*
*Inc.*

PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED: May 1, 2026

Kymberly K. Evanson
United States District Judge

STIPULATED PROTECTIVE ORDER
CASE NUMBER  - 11

4924-2725-8530

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *John and Cati Brenner v. Polaris,* WDWA #2:25-cv-01466-KKE. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

STIPULATED PROTECTIVE ORDER
CASE NUMBER  - 12

4924-2725-8530